UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNN K. HAMMOND AND | § | |
| DAVID C. HORN | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-CV-2004 |
| TRIP MATE, INC., VANTAGE DELUXE | § | |
| WORLD TRAVEL, GENERAL GLOBAL | § | |
| ASSISTANCE, AND UNITED STATES | § | |
| FIRE INSURANCE COMPANY | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT VANTAGE TRAVEL SERVICE, INC.'S
MOTION TO COMPEL ARBITRATION AND TO STAY OR DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

 Plaintiffs Lynn K. Hammond and David C. Horn, file this response to the Motion to Compel Arbitration and to Stay or Dismiss filed by Vantage Travel Service, Inc., ("Vantage") and respectfully show the Court the following:

## I. FACTUAL BACKGROUND

 1. For nearly two years, Plaintiffs have tried to obtain payment from Defendants, including Vantage. It is readily apparent at this point that Defendants intend to delay this case as long as possible and to not honor their contractual obligations to reimburse Plaintiffs for the coverage Plaintiffs purchased. Vantage's latest effort to further delay this case, at this point, borders on bad faith.

 2. Specifically, as more particularly discussed in Plaintiffs' Original Petition, on or about May 1, 2019, Plaintiffs purchased a trip from Vantage in anticipation of traveling to Egypt in April 2020. As explained below, Vantage rescheduled the trip several times. At the time of purchase, Plaintiffs made an initial deposit of $2,998.00. On May 16, 2019, Plaintiffs transferred an additional

$17,278.00 to Vantage for the remaining cost of the trip. In July 2019, Plaintiffs received a $2,000.00 refund as part of a promotion in a Vantage magazine. Plaintiffs made a small final payment towards the cost of the trip in January 2021, bringing the total amount paid to Vantage to $19,494.00. Importantly, included in the $19,494.00, was Plaintiffs' purchase of a Travel Protection Plan at a total cost of $2,198.00.

3.      Vantage rescheduled the trip several times following Plaintiffs' purchase. In September 2020, the ship on which Plaintiffs were scheduled remained incomplete. Vantage then offered a larger ship with a much smaller Owner's Suite which Plaintiffs specifically did not reserve or pay for when they made the reservations in May 2019. Thereafter, Vantage unilaterally rescheduled the trip to 2021.

4.      Unfortunately, Mr. Horn became extremely ill in late 2020. Specifically, Mr. Horn was diagnosed with Chronic Obstructive Pulmonary Disease (COPD) and admitted to the hospital for seven days. Mr. Horn's pulmonologist advised Mr. Horn to substantially limit travel, avoid lengthy air travel, and avoid large groups and unhealthy air environments. As such, Mr. Horn made the informed and justified decision to cancel Plaintiffs' reservation and seek a refund of travel costs under their Travel Protection Plan.

5.      Plaintiffs' Travel Protection Plan (Plan # F427V) guaranteed Plaintiffs a refund of the nonrefundable portion of the cost of the trip, which as explained above, totaled $19,494. "A Sickness, injury or death," is listed as a specified reason entitling the purchaser of the Plan to a refund. The Plan defines "Sickness" as "an illness or disease of the body." Mr. Horn's diagnosis of COPD certainly constitutes a life-long and incurable sickness entitling Plaintiffs to a full refund under the Plan.

6.    Beginning in late 2020, Plaintiffs made several attempts to invoke the terms of their policy and obtain a refund of their travel costs. In addition to completing a detailed Trip Mate Claim Form, Plaintiffs provided documentary proof from Mr. Horn's pulmonologist confirming Mr. Horn's COPD diagnosis. Plaintiffs first contacted Vantage Customer Care in late 2020, to request a refund. Despite Plaintiffs' request for a refund, Vantage instead and inexplicably rescheduled Plaintiffs' trip to January 17, 2022.

7.    In February 2021, Plaintiffs contacted Vantage once again to notify Vantage that Plaintiffs did not desire, and could not for health reasons, take a trip in January 2022, and instead requested a refund pursuant to the terms of their Travel Protection Plan.

8.    After not receiving a response, Mr. Horn contacted Vantage on April 7, 2021. Vantage finally responded on April 12, 2021, and indicated that, contrary to the terms of their Travel Protection Plan, Plaintiffs would only receive a refund in future travel credit, not cash. Plaintiffs made many more attempts to contact Vantage and Trip Mate regarding the disbursement of a full refund in accordance with the terms of Plaintiffs' Travel Protection Plan. On September 19, 2021, Plaintiffs sent a final demand for a full refund of the cost of the trip in cash.

9.    Plaintiffs then retained Rothfelder & Falick, L.L.P. which sent a demand letter in October 2021. Rothfelder & Falick received no response until January 2022, when it received a letter dated November 5, 2021, and an email that stated the author had mistakenly failed to send the letter for more than two months. The letter claims that a *de minimus* amount of the total claim has been approved, but to date, not even that money has been received despite the fact Defendants have known of Plaintiffs' cancellation for nearly two years. Vantage did acknowledge that "the accounting process has taken much longer than we would like" all the while continuing to refuse to

comply with their contractual responsibilities in violation of the provisions of numerous consumer protection statutes and in breach of their contract with Plaintiffs.

10.    In its January 2022 letter, Vantage informed Plaintiffs that their claims had to be brought before the American Arbitration Association (AAA) due to a provision in the documentation. In compliance with this claim, Plaintiffs filed their claims with AAA only to find out months later from AAA that Defendants were no longer registered with AAA, and AAA therefore could not adjudicate the claims.

11.    On May 16, 2022, Plaintiffs then filed their lawsuit in State District Court in Harris County, Texas. The Petition notes that AAA had refused to adjudicate the claim.

12.    Defendant US Fire then removed the case to this Court.

13.    In June 2022, Plaintiffs' counsel communicated with Vantage's counsel in Boston and further discussed the issues with AAA. Vantage's counsel requested additional time to answer the lawsuit, to which Plaintiffs' counsel agreed.

14.    On July 15, 2022, Plaintiffs' counsel received a request from Vantage's local counsel for yet more time to respond to the lawsuit. Plaintiffs' counsel discussed this request with Vantage's counsel and following the agreement to extend the deadline to July 29, 2022, sent Vantage's counsel a copy of the letter received from AAA.[1]

15.    On the last possible day, Vantage filed its Motion to Compel Arbitration and to Stay or Dismiss ("Motion to Compel Arbitration"). The Motion to Compel Arbitration fails to acknowledge that Vantage instructed Plaintiffs to file with AAA or that AAA has refused to arbitrate this case due to Vantage's failure to pay the required AAA fees.

16.    Plaintiffs request that this Court deny the Motion to Compel Arbitration.

---

[1] A true and correct copy of the email from Michael Falick, Plaintiff's counsel, to Taylor Saris, Vantage's counsel, is attached as Exhibit 1.

## II. Objection to Vantage's Declaration of Rossella Mercuri and to Exhibit 1 to Declaration

17.     In support of its Motion to Compel Arbitration, Vantage includes a Declaration of Rossella Mercuri ("Mercuri"). The Declaration does not show that Mercuri is the custodian of records for Vantage and does not show that any documents quoted by or forming the basis of Mercuri's testimony satisfy the requirements of Fed. R. Evid. 803(6), or any other exception to the rule against hearsay. The Declaration also does not show that the documents attached to the Declaration are within Mercuri's personal knowledge or within the scope of her knowledge of the books and records of Vantage. To the contrary, Mercuri states that the "statements made . . . are made upon my own knowledge or upon a review of the books and records of Vantage." The Declaration is therefore inadmissible and should not be considered in support of the Motion to Compel Arbitration pursuant to Fed. R Evid. 602 and Fed. R Evid. 802. *Rosales v. Coca-Cola Sw. Beverages LLC*, No. EP-18-CV-361-PRM, 2019 WL 1493359, at *2–3 (W.D. Tex. Apr. 3, 2019) (considering plaintiff's evidentiary challenges to motion to compel arbitration before determining existence of valid arbitration agreement).

18.     In addition, Mercuri claims with no support that the document attached to the Declaration as Exhibit 1 was agreed to by Plaintiffs. Mercuri merely states that it "was Vantage's standard business practice." Mercuri's Declaration fails to provide information sufficient to support that Plaintiffs agreed to the Tour Participation Agreement. Even if Vantage could show that Plaintiffs agreed to the provisions in the Tour Participation Agreement, Vantage's conduct in failing to pay AAA and "comply with the AAA's policies regarding consumer claims"[2] renders performance by Plaintiffs impossible and waives any right Vantage may have had to compel arbitration.

---

[2] Exhibit 1.

19.     Because the Declaration does not show that it is made on personal knowledge and/or that the documents upon which it purports to rely are business records and further, were agreed to by Plaintiffs, the Declaration and Exhibit 1 attached to the Declaration should be struck and not considered in connection with the Motion to Compel Arbitration.

### III. ARGUMENT AND AUTHORITIES

20.     Vantage's Motion to Compel Arbitration makes the inaccurate statement that "Vantage includes the arbitration provision in the Agreement to reduce the time and expense involved in resolving any claims tour participants make against it as a result of booking or participating in a Vantage tour."[3] In this case, for more than two years, Vantage has refused to pay Plaintiffs' claim without providing any information as to a basis for the denial. Further, Plaintiffs' counsel followed the instructions of Vantage to file the arbitration with AAA only to find out months later that AAA could not handle the claim due to Vantage's failure to pay required fees.

21.     Vantage makes the assertion, without any proof, that Plaintiffs agreed to the arbitration provision it now seeks to invoke. While "the 5th Circuit has never discussed the appropriate standard for a district court to apply when considering a motion to stay or compel arbitration[,] [t]he majority of other circuits apply a summary judgment-like standard, giving deference to the claims of the non-movant." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, No. CIVA 09-4169, 2010 WL 148292, at *3 (E.D. La. Jan. 11, 2010); *Air-Con, Inc. v. Daikin Applied Latin Am., LLC*, 21 F.4th 168, 174 (1st Cir. 2021) (explaining "[most other circuits apply the summary judgment standard to motions under § 4" and noting "[t]he Fifth Circuit has not opined on this issue, but district courts in the Fifth Circuit have applied the summary judgment standard.") (citing *Jackson v. Royal Caribbean Cruises, Ltd.*, 389 F. Supp. 3d 431, 445 (N.D. Tex. 2019)).

---

[3] Motion to Compel Arbitration, at pg. 4.

22.　Under Rule 56, the Court may only grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When considering a motion to compel arbitration under this summary judgment framework, the moving party must first 'present evidence sufficient to demonstrate an enforceable agreement to arbitrate.'" *Jackson v. Royal Caribbean Cruises, Ltd.*, 389 F. Supp. 3d 431, 443 (N.D. Tex. 2019) (quoting *Clutts v. Dillard's, Inc.*, 484 F.Supp.2d 1222, 1224 (D. Kan. 2007)). Without proof specific to Plaintiffs' alleged agreement, Vantage cannot compel arbitration. Vantage has had years to compile the documents necessary to support its contention; indeed, it was given multiple extensions to file an Answer to the lawsuit. It should also be noted that at no time did Vantage's counsel in Boston or its counsel in Houston ever inquire about arbitration other than to discuss AAA's refusal to handle the case.

23.　While Plaintiffs were willing to arbitrate this case, and indeed filed the arbitration with AAA, at this point, to require Plaintiffs to arbitrate in light of Vantage's failures and extended, purposeful delays would only give Vantage another opportunity to further delay this case—a case to which Vantage has no legitimate defense.

## PRAYER

Plaintiffs therefore request that this Court deny Vantage's Motion to Compel Arbitration and to Stay or Dismiss.

Respectfully submitted:

**ROTHFELDER & FALICK, L.L.P.**

*/s/ Michael C. Falick*
Michael C. Falick
Texas Bar No. 06794600
mfalick@rothfelderfalick.com
1201 Louisiana, Suite 550
Houston, Texas 77002
Telephone:  (713) 220-2288
Telecopier:  (713) 658-8211
**ATTORNEY FOR PLAINTIFFS,**
**LYNN K. HAMMOND AND DAVID C. HORN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via ECF/electronic delivery on August 18, 2022.

Stephanie R. Tippit
3 Greenway Plaza, Suite 1300
Houston, Texas 77046
Telephone: (281) 572-8350
stippit@moundcotton.com

*/s/ Michael C. Falick*
Michael C. Falick

# EXHIBIT 1

**From:** Mike Falick mfalick@rothfelderfalick.com 🔗
**Subject:** Fwd: Lynn K. Hammond and v. Trip Mate, Inc. - Case 01-22-0000-3871
**Date:** July 15, 2022 at 2:07 PM
**To:** Taylor Saris TSaris@moundcotton.com
**Cc:** Mike Falick mfalick@rothfelderfalick.com



As discussed, below is the email received from AAA.

Mike



Mike Falick
1201 Louisiana Suite 550 I Houston, TX 77002
Tel: (713) 220-2288 I Fax: (713) 658-8211 I Cell: (713) 553-6614
Email: mfalick@rothfelderfalick.com I **Website:** www.rothfelderfalick.com

Begin forwarded message:

**From:** <ConsumerFiling@adr.org>
**Subject: Lynn K. Hammond and v. Trip Mate, Inc. - Case 01-22-0000-3871**
**Date:** March 10, 2022 at 4:00:08 PM CST
**To:** <customercare@vantagetravel.com>, <mfalick@rothfelderfalick.com>, <claimssupport@travelclaimsonline.com>, <crothfelder@rothfelderfalick.com>

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.

[Logo]
Consumer Case Filing Team
1101 Laurel Oak Road
Suite 100, Voorhees, NJ 08043
E: ConsumerFiling@adr.org<mailto:ConsumerFiling@adr.org>      [cid:image925512.PNG@5d0f4838.45a21cbd]

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.



INK011.pdf



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION™

1101 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856)435-6401

March 10, 2022

Michael Falick, Esq.
Rothfelder & Falick, LLP
1201 Louisiana Street
Suite 550
Houston, TX 77002
Via Email to: mfalick@rothfelderfalick.com

Trip Mate, Inc
9225 Ward Parkway
Suite 200
Kansas City, MO 64114
Via Email to: claimssupport@travelclaimsonline.com

Vantage Deluxe World Travel
90 Canal Street
Boston, MA 02114
Via Email to: customercare@vantagetravel.com

General Global Assistance
9225 Ward Parkway
Suite 200
Kansas City, MO 64114
Via Mail

United States Fire Insurance Company
5 Christopher Way
Eatontown, NJ 07724
Via Mail

Case Number: 01-22-0000-3871

Lynn K. Hammond and
David Horn
-vs-
Trip Mate, Inc.
-vs-
Vantage Deluxe World Travel
-vs-
General Global Assistance
-vs-
United States Fire Insurance Company

Dear Parties:

Claimant has filed with us a demand for arbitration. We note that the arbitration clause provides for arbitration by the American Arbitration Association ("AAA").

Prior to the filing of this arbitration, Vantage Deluxe World Travel failed to comply with the AAA's policies regarding consumer claims, set forth in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules ("Consumer Rules"), including the Costs of Arbitration, which can be found on our web site, www.adr.org. Accordingly, we must decline to administer this claim and any other claims between Vantage Deluxe World Travel and its consumers at this time. Please note that, for cases proceeding under the Consumer Rules, the AAA reviews the relevant arbitration agreement for material compliance with the Protocol and the Consumer Rules. The AAA's review is administrative; it is not an opinion on whether the arbitration agreement, the contract, or any part of the contract is legally enforceable, nor is it a determination regarding the arbitrability of the dispute. According to R-1(d) of the Consumer Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

We note the demand for arbitration names an additional business. If Claimant would like to proceed against Vantage Deluxe World Travel, General Global Assistance and United States Fire Insurance Company please advise us in writing by March 24, 2022. Absent a request to proceed against Vantage Deluxe World Travel, General Global Assistance and United States Fire Insurance Company, we will close the matter and will refund any payment received by the filing party.

If Vantage Deluxe World Travel advises the AAA in the future of its intention to comply with the AAA's Consumer Rules and Protocol and, if applicable, resolves any outstanding payment obligations, the AAA may consider at its sole discretion, accepting newly filed consumer cases going forward. Therefore, Vantage Deluxe World Travel wishes for the AAA to consider accepting consumer disputes going forward, Vantage Deluxe World Travel must, at a minimum, register its clause on the Consumer Clause Registry on our website, ww.adr.org/clauseregistry. Upon completion of the registration process and confirmation from the AAA that Vantage Deluxe World Travel is now active on the Consumer Clause Registry, Vantage Deluxe World Travel is responsible for informing all parties that Claimant may re-file their claim.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 3 months after the date of this letter.

If the business advises the AAA in the future of its intention to comply with the AAA's Consumer Rules and Protocol and, if applicable, resolves any outstanding payment obligations, the AAA may consider at its sole discretion, accepting newly filed consumer cases going forward. Therefore, if the business wishes for the AAA to consider accepting consumer disputes going forward, the business must, at a minimum, register its clause on the Consumer Clause Registry on our website, www.adr.org/clauseregistry. Upon completion of the registration process and confirmation from the AAA that the business is now active on the Consumer Clause Registry, the business is responsible for informing all parties that Claimant may re-file their claim.

Sincerely,

Consumer Filing Team
ConsumerFiling@adr.org
Fax: (877) 304-8457

cc:
Christopher W. Rothfelder, Esq.